164

## Application of FLORALA TELEPHONE CO., Inc.
### No. 5669-TP.

Railroad & Public Utilities Commission.
August 11, 1961.

Ewell Clark, Flomaton, Ala., for petitioner.

D. Fred McMullen, Tallahassee, for Southeastern Telephone Co.

Chairman WILBUR C. KING, Commissioners JERRY W. CARTER and EDWIN L. MASON each participated in the disposition of this matter.

## BY THE COMMISSION.

Florala Telephone Company is the holder of certificate of public convenience and necessity #4, previously issued by this commission, authorizing it to provide telephone service within a designated portion of Okaloosa County. The certificate holder has filed with this commission a petition seeking an extension thereof so as to permit it to provide telephone service within a portion of Okaloosa County, which is contiguous to the area covered by said certificate #4, and described as follows —

> Begin at the intersection of the Florida-Alabama State Line and the West boundary of Section 29, Township 6 North, Range 24 West, and run thence South along the West Section lines of Sections 29 and 32 of Township 6 North, Range 24 West, and Sections 5, 8, 17, 20, 29, and 32 of Township 5 North, Range 24 West, and Section 5 of Township 4 North of Range 24 West, thence run East along the South Section lines of Sections 5, 4,

3, 2, 1 of Township 4 North, Range 24 West, thence run North along the West Section lines of Section 1, Township 4 North, Range 24 West and Sections 36 , 25, 24, 13, 12, and 1, Township 5 North, Range 24 West, and Sections 36 and 25 of Township 6 North, Range 24 West and thence run West along said State line to the point of beginning.

The area into which Florala Telephone Company desires to extend its telephone service is already included in a certificate of public convenience and necessity, previously issued by this commission, and held by Southeastern Telephone Company. Under the statute, this territory cannot be certificated to another telephone company, unless Southeastern fails, or refuses, to provide reasonably adequate service to such territory, after notice and a reasonable opportunity to do so.

The commission held a public hearing on the application of Florala Telephone Company at Crestview, Florida on April 25, 1961, for the purpose of determining the need for telephone service in the territory, hereinbefore described, and the time within which such telephone service should be commenced by Southeastern Telephone Company, the present certificate holder; and upon its default whether or not a certificate of public convenience and necessity should be issued to the petitioner (Florala Telephone Company, Inc.) authorizing it to provide reasonably adequate telephone service to said territory.

Witnesses for the petitioner testified that it is ready, willing, and able to undertake the responsibility of serving the territory in question with adequate telephone service, and if authorized by the commission, will within a reasonable time to be fixed by the commission, extend its telephone service into said territory. Public witnesses living in and working in the territory involved in this docket testified that there is a real need for telephone service in this section of Okaloosa County. The need for such service is not denied by Southeastern Telephone Company, the present certificate holder; in fact, witnesses for this utility testified that plans for adequate telephone service in this section are incorporated in the company's overall program of expansion in the general area. According to the record, both telephone companies are presently processing applications for loans with the Rural Electrification Administration. Apparently, the Florala application for loan has been approved; however, it is our understanding that the Rural Electrification Administration will not complete such a loan unless the applicant has acquired the necessary certificate to serve the territory from this commission. Witnesses for South-

eastern testified that the present certificate holder can render the necessary and adequate service within this territory, whether the REA Loan is approved or not, and that it would require six to nine months to institute such service.

There is no controversy here, as to the need for telephone service in the designated territory. All parties are agreed that reasonably adequate telephone service in this territory is required by the public interest and welfare. The only questions involved appear to be (1) who will provide the service, and (2) when can the service be furnished.

Based upon the entire record herein, the commission at the close of the hearing, found that there is now, and has been for some time in the past, a very definite need for telephone service in the area in question; that service should be commenced at the earliest possible date; and that Southeastern Telephone Company has indicated it is financially able to furnish this service, regardless of whether the REA loan is approved or not, and that the commission should direct Southeastern Telephone Company, the present certificate holder, to serve the area in question with telephone service and that such service should commence not later than January 1, 1962.

The commission further found that the territory in question should be certified by proper certificate of public convenience and necessity to the Florala Telephone Company, Inc., in the event Southeastern Telephone Company should fail, or refuse, to provide such service by January 1, 1962.

Pursuant to the findings aforesaid at the conclusion of the hearing herein, the commission announced its decision from the bench, and directed Southeastern Telephone Company, the present certificate holder, to serve the territory in Okaloosa County, hereinbefore described, with telephone service, and that such service commence not later than January 1, 1962; and that upon default by Southeastern Telephone Company in providing such service within the period specified, then, and in that event, the area in question will be certified to Florala Telephone Company, Inc., and Florala Telephone Company will be authorized and required to provide reasonably adequate telephone service to said territory.

Done and ordered by the Florida Railroad & Public Utilities Commission on April 25, 1961 at Crestview, Florida, and ratified and affirmed by this formal order at Tallahassee, Florida this 11th day of August, 1961.